UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ANTONIO WANYA CRAWFORD,

        Petitioner,               Case No. 1:20-cv-691

v.                                  Honorable Robert J. Jonker

BRYAN MORRISON,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies. The Court will deny Petitioner's motion for stay (ECF No. 3) as unnecessary under *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002).

**Discussion**

**I.      Factual allegations**

Petitioner Antonio Wanya Crawford is incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. On August 14, 2015, following a five-day jury trial in the Muskegon County Circuit Court, Petitioner was convicted of two counts of armed robbery, in violation of Mich. Comp. Laws § 750.529. On October 9, 2015, the court sentenced Petitioner to concurrent terms of imprisonment of 9 years, 6 months to 32 years for the armed robbery convictions.

On July 20, 2020, Petitioner signed a document and then filed it in this Court. The document was docketed as a habeas corpus petition. The document, however, was a letter that asked the Court to extend the time within which he might collaterally challenge his convictions and sentences in this Court and in the state courts. (Pet., ECF No. 1.) A couple of weeks later, Petitioner filed a motion asking the Court to toll the running of the habeas statute of limitations and to stay these proceedings and hold them in abeyance pending Petitioner's exhaustion of his remedies in the state courts. (Mot., ECF No. 3.)

Petitioner completed the direct appeal of his convictions and sentences when, on March 29, 2019, the Michigan Supreme Court in lieu of granting leave to appeal, vacated the Michigan Court of Appeals holding that evidence of a prior robbery was properly admitted under Michigan Rule of Evidence 404(b)(1), but affirmed the court of appeals' holding that the admission of the evidence was harmless. *People v. Crawford*, 924 N.W.2d 248 (Mich. 2019). Ninety days

thereafter, on June 27, 2019, the period of limitation for Petitioner's habeas claims commenced running.[1]

Petitioner reports that the issues he wanted to raise by way of a federal habeas corpus petition were not raised on direct appeal in the state courts. Accordingly, it was his intention to file a motion for relief from judgment in the state courts to raise his claims there first and thereby exhaust his state court remedies. Filing that motion would toll the running of the federal habeas period of limitation.[2] But, the COVID-19 pandemic interfered with his plans. On March 24, 2020, Petitioner notes that the Michigan Supreme Court closed the Michigan Courts by administrative order.[3] Then, on April 14, 2020, Petitioner was diagnosed with COVID-19 and transferred to the Carson City Correctional Facility. Somewhere between the Lakeland facility and the Carson City facility, the Michigan Department of Corrections lost Petitioner's legal property. When Petitioner returned to Lakeland on June 5, 2020, with three weeks left in the period of limitation, Petitioner had to start over. For that reason, he filed his letter/petition in this Court.

---

[1] In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on March 29, 2019. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

[2] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

[3] Michigan Supreme Court Administrative Order 2020-3 extended filing deadlines; however, the "order in no way prohibit[ed] or restrict[ed] a litigant from commencing a proceeding whenever the litigant chooses." Admin. Ord. No. 2020-3 (Mich. Mar. 23, 2020).

By order entered September 21, 2020, the Court directed Petitioner to file an amended petition on the Court's approved form. (ECF No. 5.) On October 13, 2020, Petitioner complied. The amended petition raises six grounds for relief, as follows:

I. Prosecutor misconduct—improper argument by prosecutor denied defendant constitutional right under the Fifth Amendment to remain silent.

II. *Brady* violation—Jayquan Hick, the first name given to police by all three witnesses was arrested for an attempted robbery with a black handgun, same weapon described in case against defendant.

III. Jury misconduct—the jury failed to follow the instructions of the trial judge not once, but twice, prejudicing defendant.

IV. Cumulative error—the errors asserted by defendant led to an unfair and unjust trial.

V. Ineffective assistance of trial and appellate counsel—trial counsel failed to investigate, appellate counsel also failed to investigate and raise issues.

VI. Fraud upon the court—the prosecutor presented perjured false testimony.

(Am. Pet., ECF No.6, PageID.23-30.)

**II.     Exhaustion of State Court Remedies**

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*,

526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner acknowledges that he has not exhausted the issues raised in his amended habeas petition.  He indicates that were not raised on direct appeal because his appellate counsel rendered ineffective assistance.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.*  Under Michigan law, one such motion may be filed after August 1, 1995.  Mich. Ct. R. 6.502(G)(1).  Petitioner has not yet filed his one allotted motion.  Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Muskegon County Circuit Court.  If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court.  *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

5

In *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit considered what action the court should take if the dismissal of a petition for failure to exhaust could jeopardize the timeliness of a subsequent petition.[4] The *Palmer* court concluded that if the petitioner had more than 60 days remaining in the period of limitation—30 days to raise his unexhausted claims and 30 days after exhaustion to return to the court—no additional protection, such as a stay, was warranted. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Absent tolling, Petitioner's period of limitation expired on June 27, 2020, before he even filed the letter/petition. Moreover, the filing of the letter/petition did not toll the period of limitation.[5]

The one-year limitations period applicable to § 2254 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood*

---

[4] The *Palmer* court considered the issue in the context of a "mixed" petition including exhausted and unexhausted claims. The *Palmer* court's explanation of when dismissal of a petition does not jeopardize the timeliness of a subsequent petition, however, is persuasive even where the petition includes only unexhausted claims.

[5] The limitations period is not tolled during the pendency of a federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Additionally, the one-year statute of limitations applies to each claim in a habeas application, as opposed to the application as a whole. *See Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007); *see also Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012). Because Petitioner did not identify any claims in his letter/petition, the letter/petition could not serve to raise any issues such that the statute of limitation could be satisfied by the filing of that document.

*v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

The Court concludes that the circumstances Petitioner describes warrant equitable tolling of the statute from the date Petitioner was diagnosed with COVID-19—April 14, 2020—until the date the Court received his amended petition—October 13, 2020. On April 14, 2020, Petitioner had 74 days remaining in the period of limitation.

As noted above, the running of the statute of limitations is also tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007).[6] Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, starting on October 14, 2020, until he files his motion and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-

---

[6] The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Lawrence*, 549 U.S. at 332.

court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted and the Court will dismiss the petition for failure to exhaust available state-court remedies.

**I.      Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability

will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies and denying a certificate of appealability.


Dated:   October 20, 2020          /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE